UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND THOMAS,<br><br>                Petitioner,<br><br>     v.<br><br>COMPLEX WARDEN OF USP LOMPOC,<br><br>                Respondent. | Case No. 2:20-cv-6585-AB (SK)<br><br>**ORDER DISMISSING PETITION FOR LACK OF JURISDICTION** |

      Petitioner Raymond Thomas is a convicted inmate in the custody of the federal Bureau of Prisons at its Lompoc, California penitentiary.  He has 22 months left in his federal sentence imposed by the District Court for the District of New Jersey after Petitioner pled guilty to armed bank robbery.  In his petition under 28 U.S.C. § 2241, Petitioner seeks "compassionate release" in accordance with 18 U.S.C. § 3582(c)(1) so that he can serve the rest of his sentence at home given the COVID-19 pandemic.  But compassionate release requests must be filed in the original sentencing court, and Petitioner cannot circumvent that requirement by filing a § 2241 petition in the custodial district.  Thus, the Court must dismiss the petition for lack of jurisdiction.

      Under the First Step Act of 2018, 132 Stat. 5194, Congress allowed federal inmates to seek compassionate release directly from the district court if the BOP denies, or fails to timely act on, an administrative request for the

release. *See* 18 U.S.C. § 3582(c)(1)(A). Under that provision, a federal sentencing court may reduce or modify a sentence for "extraordinary and compelling reasons." *Id.* § 3582(c)(1)(A)(i). Petitioner contends the chronic infectious diseases he suffers, coupled with Lompoc's inability to prevent COVID-19 from spreading among its prison population, amounts to such extraordinary and compelling reasons. (ECF 1 at 1-3).

But the Court cannot reach the merits of Petitioner's early release request because it has no authority to do so under § 3582(c)(1)(A). Only the sentencing court can entertain such requests. *See United States v. Raia,* 954 F.3d 594, 596 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court, a point several Circuits have noted."); *Rodriguez-Aguirre v. Hudgins,* 739 Fed. App'x 489, 491 n.2 (10th Cir. 2018) ("[T]he district court lacked authority to entertain [petitioner's] request for relief under 18 U.S.C. § 3582(c)(1)(A) because he filed his request in the district in which he is currently confined rather than in the district that imposed his sentence."); *see also Crum v. Blanckensee*, 2020 WL 3057799, at *2 (C.D. Cal. June 8, 2020) ("A motion under Section 3582(c) to modify a prison term must be addressed to the sentencing court."); *Thody v. Swain,* 2019 WL 7842560, at *2 (C.D. Cal. Nov. 26, 2019) (same); *Mohrbacher v. Ponce,* 2019 WL 161727, at *1 (C.D. Cal. Jan. 10, 2019) (same).[1]

---

[1] While the Ninth Circuit has yet to announce this rule in a published opinion, there is no reason to think it will diverge from the interpretation unanimously shared by federal courts. *See, e.g., Hunter v. Martinez,* 2020 WL 3258398, at *4 (C.D. Cal. June 12, 2020) ("[T]he majority of the courts have found that § 2241 does not allow for ordering the release of a prisoner arising from the COVID-19 pandemic."); *Deffenbaugh v. Sullivan*, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019) ("If petitioner now seeks to file his own motion for compassionate release, such a motion must be filed in the sentencing court."); *Zheng Yi Xiao v. La Tuna Fed. Corr. Inst.*, 2019 WL 1472889, at *2 (W.D. Tex. Apr. 3, 2019) (quoting *Braswell v. Gallegos,* 82 Fed. App'x 633, 635 (10th Cir. 2003)) ("[B]ecause a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence.").

Moreover, "[d]istrict courts have no authority to reduce a federal inmate's sentence under 18 U.S.C. § 3582(c)(1)(A) pursuant to federal habeas proceeding under 28 U.S.C. § 2241." *Ray v. Finley*, 2019 WL 5569616, at *4 (M.D. Pa. Oct. 29, 2019). That is because relief under § 2241 is available only if an inmate is being held in custody under an unlawful conviction or sentence. *See Rodriguez-Aguirre*, 739 Fed. App'x at 490 (affirming dismissal of § 2241 petition for compassionate release because petitioner "did not challenge the legality of his conviction or sentence"); *Bolanos v. Jenkins*, 2020 WL 3251151, at *1 (N.D. Cal. June 16, 2020) (dismissing § 2241 petition seeking compassionate release based on inmate's "high risk of contracting COVID-19" due to existing health ailments); *Himmel v. Upton*, 2019 WL 1112923, at *2-3 (N.D. Tex. Mar. 11, 2019) (dismissing § 2241 petition because petitioner's compassionate release request for medical reasons did "not allege she is in custody as a result of a constitutional violation"). Thus, because Petitioner is not challenging the legality of his guilty plea or sentence from the District of New Jersey, the Court has no jurisdiction under § 2241 to entertain Petitioner's compassionate release request.

For all these reasons, the petition is DISMISSED for lack of jurisdiction. Judgment dismissing this action without prejudice will be entered accordingly.

**IT IS SO ORDERED.**

DATED: September 15, 2020

ANDRE BIROTTE, JR.
U.S. DISTRICT JUDGE